UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG -7 PM 12: 14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Armando SANCHEZ** Defendant. | Magistrate Case No. '08 MJ 2449 COMPLAINT FOR VIOLATION OF Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **August 6, 2008**, within the Southern District of California, defendant **Armando SANCHEZ**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 7th DAY OF **AUGUST, 2008.**

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On **August 6, 2008,** at approximately 5:45 AM, **Armando SANCHEZ (Defendant)** made application for admission into the United States at the **San Ysidro Port of Entry** [illegible] pedestrian. Defendant presented a Mexican Passport with a Permanent Resident (I-551) ADIT stamp bearing the name Jose Maria Hernandez-Aguirre. Defendant told the U.S. Customs and Border Protection (CBP) Officer that he was going to San Diego, California and gave a negative customs declaration. The Officer noticed that Defendant was concealing his face by wearing a hat that went low on his face with dark glasses. The Officer felt Defendant was nervous and avoiding eye contact; subsequently, he suspected Defendant was an impostor on the document he was presenting. Defendant was referred to secondary for further inspection.

In secondary, Defendant's fingerprints were obtained and queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's true identity. Defendant was identified as an alien previously removed from the United States. Defendant was referred to the Prosecution Unit for further disposition.

Defendant was advised of his Miranda rights and agreed to answer questions without the benefit of counsel. A videotaped interview was obtained with the following declaration: Defendant declared to be a citizen of Mexico by birth in Sahuayo, Michoacan, Mexico who [illegible] no entitlement to entry, passage or residency in the U.S. Defendant also declared that [illegible] been formally removed from the U.S. on three prior occasions with his most recent [illegible] occurring on or about November 09, 2005. Defendant admitted he has not applied for [illegible] received authorization to re-enter the United States. Defendant said he attempted to effect illegal entry into the U.S. in an effort to re-establish residency and was destined to Los Angeles, California.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. DACS indicates that on or about November 09, 2005 and November 02, 2000, an Immigration Judge ordered Defendant deported from the United States and Defendant was subsequently removed to Mexico. DACS further shows Defendant's deportation was re-instated and removed to Mexico on or about December 19, 2003. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.